IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2019 JUL 10 PM 1:07
JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Civil Action No. _____
(To be supplied by the court)

Jacob Richardson_____, Plaintiff / *Qui Tam* Relator

v.

Title IV-D Agency:                                                , Defendant(s).
Colorado Division of Child Support Services
State Enforcement Unit for Denver City and County_____

(List each named defendant on a separate line.)

---

**TO BE FILED UNDER SEAL**
**VERIFIED COMPLAINT:**

31 USC § 3729: FALSE CLAIMS
42 USC § 1983: VIOLATION OF CIVIL RIGHTS
42 USC § 1985: CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
42 USC 2000D: DISCRIMINATION UNDER FEDERALLY ASSISTED PROGRAMS
28 USC § 1331: FEDERAL QUESTION
28 USC § 1332: DIVERSITY OF CITZENSHIP
28 USC § 1343: CIVIL RIGHTS AND ELECTIVE FRANCHISE
18 USC § 241: CONSPIRACY AGAINST RIGHTS
18 USC § 472: UTTERING COUNTERFEIT OBLIGATIONS
18 USC §505: SEALS OF COURTS; SIGNATURES OF JUDGES
18 USC § 513: SECURITIES OF THE STATES OR PRIVATE ENTITIES
18 USC §514: FICITIOUS OBLIGATIONS
18 USC § 1001: STATEMENTS OF ENTRIES GENREALLY
18 USC §1003: DEMANDS AGAINST THE UNITED STATES
18 USC § 1005: BANK ENTRIES, REPORTS, AND TRANSACTIONS
18 USC § 1030: FRAUD AND RELATED ACTIVITY IN CONNECTION WITH COMPUTERS
18 USC § 1341: FRAUDS AND SWINDLES
18 USC §1951-2404 : HOBBS ACT

---

1

(Rev. 07/06)

## PARTIES

1. Plaintiff/ Relator <u>Jacob Richardson</u> is a Citizen of <u>the State of Colorado and Kansas</u>
A natural person who can be found at the following address(es):
<u>4777 Sherman St. Denver, CO 80216 and 1935 SW Buchanan St. Topeka, KS 66604</u>

**Plaintiff / Relator is filing Qui Tam as a relator for the government.**

2. Defendant <u>Title IV-D Agency: Colorado Division of Child Support Services State Enforcement Unit for Denver City and County</u> is a contractor as defined by law a Social Security Administration operating under Health and Human Service for <u>the State of Colorado,</u> who is located at the following address:
<u>1575 Sherman Street, 5th Floor and others, Denver, CO 80203</u>

## JURISDICTION

4. Jurisdiction is asserted pursuant to following statutory authorities:

1) Child Support Enforcement/Title IV-D Agency receives **66% compensation from the federal government** and the other **33% from the state** meaning complaints **MUST** be heard at a federal level

> <u>Blessing v. Freestone</u>, 520 US 329. Sup. Ct. (1997).
> *"We granted certiorari to resolve disagreement among the Courts of Appeals as to whether individuals may sue state officials under § 1983 for violations of Title IV _D.3 517 U. S. 1186 (1996)."*
> *"Section 1983 **imposes liability on anyone who**, under color of state law, **deprives a person** "of any **rights, privileges, or immunities** secured **by the Constitution and laws**." We have held that this provision **safeguards** certain **rights conferred by federal statutes**. <u>Maine v. Thiboutot</u>, 448 U. S. 1 (1980). In order to seek redress through § 1983, however, **a Plaintiff must assert the violation of a federal right**, not merely a violation of federal law. <u>Golden State Transit Corp. v. Los Angeles</u>, 493 U. S. 103, 106 (1989). We have traditionally looked at three factors when determining whether a particular statutory provision gives rise to a federal right. First, Congress must have intended that the provision in question **benefit the Plaintiff**. Wright, 479 U. S., at 430. Second, the Plaintiff must demonstrate that the right assertedly protected by the statute is not so "vague and amorphous"*
> *"Without distinguishing among the numerous rights that might have been created by this federally funded welfare program, the Court of Appeals agreed in sweeping terms that "Title IV -D creates enforceable rights in families in need of Title IV -D services." 68 F. 3d, at*

2

(Rev. 07/06)

*1150. The Court of Appeals did not specify exactly which "rights" it was purporting to recognize, but it apparently believed **that federal law gave respondents the right to have the State substantially comply with Title IV-D in all respects. We disagree."***
*"As we explained in <u>Pennhurst State School and Hospital v. Halderman</u>, 451 U. S. 1 (1981), such an agreement is "in the nature of a contract," id., at 17: **The State** promises to provide certain **services** to **private individuals**, in exchange for which **the Federal Government promises to give the State funds."***

2) Plaintiff / Relator is a State Citizen of Colorado and Kansas. The State of Colorado Office of Child Support Enforcement used the United States Postal Service across State lines to continue its fraudulent and illicit claims, and collection attempts of a fraudulent debt. **Article III § 2 of the United States Constitution**, which extends the jurisdiction to cases arising under the U.S. Constitution:

*"The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;-- to all cases affecting ambassadors, other public ministers and consuls;--to all cases of admiralty and maritime jurisdiction;--to controversies to which the United States shall be a party;--to controversies between two or more states;--**between a state and citizens of another state;**--between citizens of different states;--between citizens of the same state claiming lands under grants of different states, and between a state, or the citizens thereof, and foreign states, citizens or subjects. **In all cases affecting ambassadors, other public ministers and consuls, and those in which a state shall be party, the Supreme Court shall have original jurisdiction.** In all the other cases before mentioned, the Supreme Court shall have appellate jurisdiction, both as to law and fact, with such exceptions, and under such regulations as the Congress shall make."*

3) **Article VI § 2 and 3 of the United States Constitution:**

*"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in **the Constitution or Laws of any state to the Contrary notwithstanding.** The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all **executive and judicial Officers,** both of **the United States** and of **the several States,** shall be **bound by Oath or Affirmation, to support this Constitution;** but no religious Test shall ever be required as a Qualification to any Office or public Trust under the United States."*

4) **28 U.S. Code § 1331:**
*"**Federal Question.** The district court shall have original jurisdiction of all civil actions arising under the **Constitution, laws,** or treaties of the United States."*

5) This matter is over $90,000 **28 U.S. Code § 1332:**

*1150. The Court of Appeals did not specify exactly which "rights" it was purporting to recognize, but it apparently believed **that federal law gave respondents the right to have the State substantially comply with Title IV-D in all respects. We disagree."***
*"As we explained in <u>Pennhurst State School and Hospital v. Halderman</u>, 451 U. S. 1 (1981), such an agreement is "in the nature of a contract," id., at 17: **The State** promises to provide certain **services** to **private individuals**, in exchange for which **the Federal Government promises to give the State funds."***

2) Plaintiff / Relator is a State Citizen of Colorado and Kansas. The State of Colorado Office of Child Support Enforcement used the United States Postal Service across State lines to continue its fraudulent and illicit claims, and collection attempts of a fraudulent debt. **Article III § 2 of the United States Constitution**, which extends the jurisdiction to cases arising under the U.S. Constitution:

*"The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;-- to all cases affecting ambassadors, other public ministers and consuls;--to all cases of admiralty and maritime jurisdiction;--to controversies to which the United States shall be a party;--to controversies between two or more states;--**between a state and citizens of another state;**--between citizens of different states;--between citizens of the same state claiming lands under grants of different states, and between a state, or the citizens thereof, and foreign states, citizens or subjects. **In all cases affecting ambassadors, other public ministers and consuls, and those in which a state shall be party, the Supreme Court shall have original jurisdiction.** In all the other cases before mentioned, the Supreme Court shall have appellate jurisdiction, both as to law and fact, with such exceptions, and under such regulations as the Congress shall make."*

3) **Article VI § 2 and 3 of the United States Constitution:**

*"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in **the Constitution or Laws of any state to the Contrary notwithstanding.** The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all **executive and judicial Officers,** both of **the United States** and of **the several States,** shall be **bound by Oath or Affirmation, to support this Constitution;** but no religious Test shall ever be required as a Qualification to any Office or public Trust under the United States."*

4) **28 U.S. Code § 1331:**
*"**Federal Question.** The district court shall have original jurisdiction of all civil actions arising under the **Constitution, laws,** or treaties of the United States."*

5) This matter is over $90,000 **28 U.S. Code § 1332:**

*"The district court shall have original jurisdiction of all civil actions where the matter in controversy **exceeds the sum or value of $75,000**, exclusive of interest and costs, and is between- (1) citizens of different States..."*

6) **28 U.S. Code § 1343:**

   *"**Civil rights and elective franchise. (a)** The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: **(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States,** by any act done in **furtherance** of any conspiracy mentioned in section 1985 of title 42; **(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of title 42** which he had knowledge were about to occur and power to prevent; **(3)** To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; **(4) To recover damages** or to **secure equitable or other relief** under any Act of Congress providing for **the protection of civil rights**, including the right to vote."*

7) **Case Laws establishing precedent**; including establishing that the "Domestic Relations Exception" does not apply to this case:

   Marbury v. Madison, 5 US (2 Cranch) 137, 174, 176, (1803).
   *"**All laws which are repugnant to the Constitution are null and void.**"*

   **This Judgement was/is void from the beginning.**

   Old Wayne Mut. L. Assoc. v. McDonough 204 U.S. 8, 27 S. Ct. 236 (1907).
   *It is clear and well established law that a void order can be challenged in any court at any time.*

   Meyer v. Nebraska, 262 U.S. 390 (1923) is in full effect and has never been overturned; recently cited in M.L.B. v S.L.J., 519 U.S. 102, 117 U.S. Sup. Ct. 555 (1996).
   *"No state... shall deprive any person of life, liberty, or property **without due process of law.**"* and *"While this court has not attempted to define with exactness the liberty thus guaranteed, the term has received much consideration and some of the included things have been definitely stated. **Without doubt, it denotes not merely freedom from bodily restraint but also the right of individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, to establish a home and bring up children, to worship God according to the dictate of his own conscience, and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men.**"*

   Bivens v. Six Unknown Named Agents 456 F.2d 1339 (1972).

Howlett v. Rose, 496 US 356 Sup. Ct. (1990).
*Supremacy Clause*

Ankenbrandt, as next friend and mother of L.R., et al v. Richards et al., U.S. Sup. Ct. Certiorari to U.S. Ct. of App. 5th Cir. No. 91-367 (1992).
*"An examination of Article III, §2, of the Constitution and of Barber (Barber v. Barber, 21 How. 582, 584) and its progeny **makes clear that the Constitution does not mandate the exclusion of domestic relations cases as federal court jurisdiction**... The exception, as articulated by this Court since Barber, encompasses **only cases involving the issuance of a divorce, alimony, or child custody decree.** As so limited, the exception's validity must be reaffirmed, given the long passage of time without any expression of congressional dissatisfaction and sound policy considerations of judicial economy and expertise. Because **this lawsuit in no way seeks a divorce, alimony, or child custody decree**, the Court of Appeals erred by affirming the District Court's invocation of the domestic relations exception."*

Turner v Turner, 385 S.W.2d 230. Tex. Sup. Ct. (1964).
Domestic Relations case heard at the Supreme Court level.

Turner v. Rogers, 564 U.S. 431. U.S. Sup. Ct. (2011).
*"a state must provide safeguards to reduce the risk of erroneous deprivation of liberty in civil contempt cases such as child support cases."* **Based on a Judicial hearing, Acts of failure to pay child support must be willful, ie. he/she has the ability to pay but has not.**

State v. Rindfleisch, 857 N.W. 2d 456. WI App. Ct. (2014).
The essence of our country is *"that **a law repugnant to the Constitution is void;** and that Court's, as well as **other departments, are bound** by that instrument."*

Obergefell et al. v Hodges, director, Ohio Dept. of Health, et al., U.S. Sup. Ct. Certiorari to the U.S. Ct. of App. For the 6th Cir. (2015).
Due to **violation(s) of a person(s) fundamental rights**, this Domestic Relations case was **heard at the Supreme Court level.**

5. **Briefly state the background of your case:**

The Plaintiff brings this case *Qui Tam* as a Relator to the government reporting acts including but not limited to fraud, conspiracy to deprive civil and constitutional rights, counterfeit, and other actions outside the "color of law" by a government contractor, the Title IV-D, Child Support Enforcement Unit for the City and County of Denver Colorado. See *Taul v. Nagel Enterprises, Inc. et al., N.D. of Ala. (2017)*.

The Plaintiff / Relator has been hunted and stalked by the Title IV- D Child Support Enforcement Unit without regard for fundamental Constitutional rights, he has had every dollar

5

(Rev. 07/06)

stolen from his bank accounts, and a life insurance policy left by his mother after her death. All done without any prior notice, consent, or hearing given to the Plaintiff / Relator. The Plaintiff / Relator prior to this complaint made several good faith efforts in writing to mitigate the damages and attempt to resolve this legal matter without the Courts involvement; he notified the Title IV-D agency, and the Credit reporting agencies. Evidence will show that the Title IV-D agency has used and is presently masquerading fraudulent, illicit, and invalid void documents to collect an illicit fraudulent debt, as prima facie evidence shows.

The Court issued an illicit wage assignment as a money judgement against an indigent student attending two separate educational institutions. This wage assignment was not only submitted without prior notice to The Plaintiff / Relator, it was ordered in November 1999, two years after such wage assignments were repealed in 1997. This Judgement included an Order that Family Support Registry not be involved in this matter. Evidence clearly shows that the Plaintiff / Relator was a student and classified as indigent from the very beginning of the 99-jv-892 case, and that he was only working for a very short duration of time before he was forced from employment on unpaid administrative medical leave making him again indigent due to physical disability. Because both parents were reported as indigent to the State, 100% of the cost was covered for the Guardian Ad Litem David Littman's fees which can be found in prima facie evidence. Evidence shows that the Plaintiff / Relator via his then Attorney Gerald Melman Esq. informed all parties involved that he was without any income to support himself, and/or his child. He was injured, physically disabled and without any way to pay child support.

Important to Note: The Plaintiff / Relator was at all times deprived of an unbiased venue, he was treated less favorably due to his race and sex as a black man (father), and he was stereotyped and misclassified by the Judge and the GAL just because the opposing party and its Attorney said so; resulting in his being deprived the right to raise his child in a manner in which he chose as the Plaintiff / Relator was 100% Alienated from his child.

The Plaintiff / Relator was the primary care provider before the 99-jv-892 case began since the child's birth, and then again when his son was in Elementary school, after which the Plaintiff / Relator has never seen or heard from his child again.

The Plaintiff / Relator is not asking this Court to seek relief for the alienation of his child, but it is pertinent background information to note so that a proper review may be conducted based on the full merits of the case. The Plaintiff / Relator is seeking to have the money damages caused to him by an illicit, fraudulent, void, and otherwise wrongful money judgement assigned against him.

The Plaintiff / Relator has to date been denied any and all access to the Judicial System to resolve the numerous void judgements, and Constitutional violations that he has been the victim of. When the Plaintiff / Relator became disabled, he promptly notified the Court via motion to modify filed by his then Attorney Gerald Melman Esq. Evidence shows that The Plaintiff / Relator also provided direct testimony when asked by Judge Dana Wakefield that he was on unpaid administrative medical leave and had no means to pay his bills including any Child Support Obligation.

The Plaintiff / Relator wrote letters asking for assistance, for investigation, to his Congressional reps, to Political figures, Denver County Judge Dana Wakefield (retired 2007) etc. Yet, no one acted, The Plaintiff / Relator has received NO Justice to date! The Plaintiff / Relator has endured numerous illicit acts of defamation to his character, deprival of his **LIFE, LIBERTY**, and **PROPERTY**, including but not limited to emptied bank accounts, stolen funds from his Mother's life insurance in violation of her dying declaration, restricted/denied Driver's license/Passport and having no contact or access to his SON for over **10 YEARS**.

Yet again decades later, without ever having any **PRIOR** notice or any actions being exhibited in the Minute orders, or register of actions, the Title IV-D collections arm has refused to cease and desist it's illicit actions; Failed to read the facts of the case in favor of clear and convincing evidence of theft.

The Plaintiff / Relator alleges that the City and County of Denver Child Support Enforcement Office, have exceeded their authority and discretion in collusion, engaging in and acting in a manner to violate the Plaintiff / Relator's fundamental, Constitutional rights; ignoring federal and statutory safeguards in place of **"CAPRICIOUS and ARBITRARY" rulings** that have had no basis in fact. Done Without Due Process, no service, no hearings held, or a legal judgment, using Illicit fraudulent papers/ documents that have been submitted to both financial institutions, and credit reporting agencies alike; papers that are not signed by a Judge, and **not Clerk stamped or given copy to Denver Clerk and Recorder until November of 2017,** years after theft had already occurred. These fraudulent documents perpetrating as authentic money judgments, but instead they are **Title IV-D State of Colorado** unrestricted, unchecked debt collectors **"UTTERING A FALSE INSTRUMENT"**, a serious offense punishable as a felony in all 50 states. Forgery is defined as: *the making, altering, use or possession of a false writing in order to commit a fraud.* The false writing in question is the instrument(s) in this case, and have an interest in the fact that <u>the Plaintiff / Relator's property is being illegally held and or surrendered unconstitutionally</u> by the Title IV-D agency under the guise of the State of Colorado. Counterfeit is defined as: *a document that purports to be genuine but it is not, because it has been falsely made or manufactured in its entirety.*

The Plaintiff / Relator has been completely Alienated from his SON, without access to the Courts as he was blacklisted, deprived from any court dates after reporting to the court that he was disabled on the job without income, making him indigent. *"[A] Court must begin its analysis with each parent on equal footing"* <u>In Re Marriage of Ciesluk</u>, Colo. Supp. Ct. En Banc., 113 P.3d 135 (2005). Plaintiff / Relator had his Driver's License and ability to travel held for ransom for child support payments after all interested parties were made aware that he had/has no way to pay the support. The State of Colorado Title IV-D agency has continually acted maliciously, willfully, and with retaliation towards the Plaintiff / Relator in order to guarantee that the Plaintiff / Relator wouldn't have any other days in Court to get on the record.

Further Acts of malice include not recognizing that Plaintiff / Relator is indigent, he reported when he was forced from his position at the United States Post Office to the Courts, his Attorney

7

(Rev. 07/06)

of Record Gerald Melman Esq. filed motions in regards to the Plaintiff / Relator having no income to pay child support. Yet, the Title IV-D Agency failed to act appropriately. In fact the Plaintiff / Relator would later learn that either a wage assignment or a wage garnishment would be signed without any hearing, it would produce zero dollars and zero cents, the exact amount that the Plaintiff / Relator would receive to date. The Plaintiff / Relator and his Attorney Gerald Melman Esq. were in fact telling the truth.

To date, the Title IV-D Agency Continues to use the same illegal acts of malice, by using a computer as its tool to persecute the Plaintiff / Relator violating 18 U.S.C. § 1030, as they have caused torts of over $8,000.00 USD when the Title IV-D Agency Provided fraudulent documentation of lien and levy without any due process to the Plaintiff / Relator Prior in connection with this claim. In fact, the one and only conversation that Plaintiff / Relator had with the Title IV-D agency was when the Family Support Registry blind transferred him when he called them with questions. The Plaintiff / Relator spoke with Tonya at Family Support Registry, who failed to provide a rep ID. The Plaintiff / Relator informed her of his case, she then blind transferred the Plaintiff / Relator to the Title IV-D agent Charlie, Rep. ID #0085 with the Child Support Enforcement Agency. On this recorded call, Charlie stipulated to the fact(s) that there had never been any successful attempts to locate Plaintiff / Relator from the date Child Support Enforcement opened a case against Plaintiff / Relator to the date of the call in 2017.

The Title IV-D Agency further expanded on its maliciousness when it orchestrated the suspension of the Plaintiff / Relator's Driver's license with Motorcycle Endorsement, taking away any remaining possibilities he might have had to earn income as a disabled man. Plaintiff / Relator asserts that this is ***CRUEL AND UNUSUAL PUNISHMENT*** as the State of Colorado knows that the only laws that specify that an American citizen is required to have a Driver's license is when a citizen is using the roadways for income purposes; Numerous cases have been ruled upon in regards to operating an Automobile. From Supreme Court on down establishing that the only need for a Driver's License is to make money on the highways and road ways:

See Thompson v. Smith, 154 SE 579,11 American Jurisprudence, Constitutional Law, section 329, page 1135 *"The right of the Citizen to travel upon the public highways and to transport his property thereon, in the ordinary course of life and business, is a common right which he has under the right to enjoy life and liberty, to acquire and possess property, and to pursue happiness and safety. It includes the right, in so doing, to use the ordinary and usual conveyances of the day, and under the existing modes of travel, includes the right to drive a horse drawn carriage or wagon thereon or to operate an automobile thereon, for the usual and ordinary purposes of life and business.,* see Teche Lines v. Danforth, Miss., 12 S.d 784 *"the right of a citizen to drive on a public street with freedom from Police interference…is a fundamental constitutional right"-*White 97 Cal.App.3d.141, 158 Cal.Rptr. 562,566-67 1979 *"citizens have a right to drive upon the public streets of the District of Columbia or any other city absent a constitutionally sound reason for limiting their access.* Caneisha Mills v. D.C. 2009 *"The use of the automobile as a necessary adjunct to the earning of a livelihood in modern life requires us in the interest of realism to conclude that the RIGHT to use an automobile on the public highways partakes of the nature of a liberty within the meaning of the Constitutional guarantees. .."*

8

(Rev. 07/06)

Berberian v. Lussier (1958) 139 A2d 869, 872 see also Schecter v. Killigsworth, 380P,2d 136, 140;93 Ariz. 273 (1963) *"The right to operate a motor vehicle [an automobile] upon the public streets and highways is not a mere privilege, it is a right of liberty, the enjoyment of which is protected by the guarantees of the federal and state constitutions."* See Adams v City of Pocatello 416 P.2d 46, 48; 91 Idaho 99 (1966) *A traveler has an equal right to employ an automobile as a means of transportation and to occupy the public highways with other vehicles in common use."* Cambell v. Walker, 78 Atl. 601, 603, 2 Boyce (Del.) 41. *"The owner of an automobile has the same right as the owner of other vehicles to use the highway, \*\*\* A traveler on foot has the same right to the use of the public highways as an automobile or any other vehicle."* Simeone v Lindsay, 65 Atl. 778,779; Hannigan v. Wright, 63 Atl. 234, 236. *"The RIGHT of the Citizen to DRIVE on the public street with freedom from Police interference, unless he is engaged in suspicious conduct associated in some manner with criminality is a FUNDAMENTAL CONSTITUTIONAL RIGHT which must be protected by the courts."* People v. Horton 14 Cal. App. 3rd 667 (1971) *"The right to make use of an automobile as a vehicle of travel long the highways of the state, is no longer an open question, The owners thereof have the same rights in the roads and streets as the drivers of horses or those riding a bicycle or traveling in some other vehicle."* House v. Cramer, 112 N.W. 3; 134 Iowa 374; Farnsworth v. Tampa Electric Co. 57 So. 233, 237,62 Fla. 166. *"The automobile may be used with safety to others users of the highway, and in its proper use upon the highways there is an equal right with the users of other vehicles properly upon the highways."*

Now The Plaintiff / Relator has also been deprived his **RIGHT TO TRAVEL** as his recent "PAID FOR" request/application for a passport has been denied due to this fraudulent and illicit debt by the Title IV-D agency.

The Plaintiff / Relator also asserts that he is also a victim of **Deprival of Liberty**, as he was alienated from his child and then viciously preyed upon by the Title IV-D Agency, having a PECUNIARY INTEREST, denying and Depriving the Plaintiff / Relator of Statutory, and Federal Constitutional protections, GUARANTEED to all Citizens of the UNITED STATES OF AMERICA and those traveling through the United States of America. See MEYER v. Nebraska, 262 US 390 Supreme Court 1923.

The Plaintiff / Relator alleges that his good standing, his reputation, and his ability to feed himself as an indigent / disabled man have been used as a bargaining chip, in unfair and criminal dealings. Plaintiff / Relator has previously provided legal NOTICE, via facsimile, US Mail, and Certified US Mail, to the various agencies effected by the Title IV-D Agencies fraudulent dealings, in an attempt to mitigate any necessity for legal action(s) prior to the Plaintiff / Relator filing this legal action of alleged Violations of unassignable and inalienable Rights that are Guaranteed to ALL persons within the jurisdiction of these United States of America.

PLAINTIFF / RELATOR is seeking a money judgment due to Loss of Liberty, and Loss of property after the Title IV-D Agency injured Plaintiff / Relator by Violating his Protected Rights; the Plaintiff / Relator seeks money judgment in an amount not under $90,004.65 in US Dollars.

The Plaintiff / Relator also seeks Punitive award in an amount the COURT, and the jury deem fit and proper. PLAINTIFF / RELATOR also seeks to quash, vacate with prejudice and dismissal of the illicit money judgement which was $90,004.65 USD.

**DECLARATION DENYING ANY CLAIMS OF IMMUNITY**

Quoting Elizabeth Warren, "no one is above the law not even the president of the USA" meaning when a division of the government or a person who is acting outside of the law and breaks it they erode any perceived immunity.

Plaintiff / Relator states that *Sovereign immunity* does not apply in this case: as the Defendant(s) named are government contractors/government officials acting in their professional capacity outside the "color of law" and as such are not entitled to sovereign immunity. Neither does *Qualified immunity* apply in this case:

See Harlow v. Fitzgerald, 457 U.S. 800 (1982):
*"qualified immunity is designed to shield government officials from actions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known".*

See Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974):
*"when a state officer acts under a state law in a manner violative of the Federal Constitution, he "comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subject in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States".*

See Also Stephens v. Jessup, No. 17-2101, F. App. Ct. (8th Cir. 2018) and Ralston v. Cannon, No. 16-1372, F. App. Ct. (10th Cir. 2018).

**FIRST CLAIM FOR RELIEF
AND SUPPORTING FACTUAL ALLEGATIONS**

1. Plaintiff / Relator claims VIOLATION, DEPRIVATION, RESTRICTION, and DEPRIVAL of his **CIVIL** and **CONSTITUTIONAL RIGHTS** including but not limited to:
    a. Right to Life, Liberty, and Property
        i. Turner v. Rogers, 564 U.S. 431. U.S. Sup. Ct. (2011). *"a state must provide safeguards to reduce the risk of erroneous deprivation of liberty in civil contempt cases such as child support cases." Based on a Judicial hearing, Acts of failure to pay child support must be willful, ie. he/she has the ability to pay but has not.*
        ii. *"The use of the automobile as a necessary adjunct to the earning of a livelihood in modern life requires us in the interest of realism to conclude that the RIGHT to use an automobile on the public highways partakes of the nature of a liberty within the meaning of the Constitutional guarantees. .."* Berberian v. Lussier (1958)
        iii. IN RE: the PEOPLE of the State of Colorado, In the Interest of B.D., Minor Child, Mohammed Alahmad, n/k/a Mike Alahmad, Petitioner, and concerning Christy Collins, n/k/a Leslie P. Collins-Pottebaum, Respondents, Colo. Sup. Ct. En Banc (1999).
        iv. United States of America Constitution 5th Amendment
    b. Due Process of Law
        i. The Defendant Failed to serve or prove service of any summons to the Plaintiff / Relator and/or a fair and impartial hearing including the Plaintiff / Relator before the forgery being masqueraded as a money judgement was entered
            1. United States of America Constitution 5th and 14th Amendment
        ii. There has not been any contract between Plaintiff / Relator and the Office of Child Support Enforcement. To date Plaintiff / Relator has had only one conversation, which was audio recorded. In fact, the one and only conversation that Plaintiff / Relator had with the Title IV-D agency was when the Family Support Registry blind transferred him when he called them with questions. The Plaintiff / Relator spoke with Tonya at Family Support Registry, who failed to provide a rep ID. The Plaintiff / Relator informed her of his case; she then blind transferred the Plaintiff / Relator to the Title IV-D agent Charlie, Rep. ID #0085 with the Child Support Enforcement Agency. On this recorded call, Charlie stipulated to the fact(s) that there had never been any successful attempts to locate Plaintiff / Relator from the date Child Support Enforcement opened a case against Plaintiff / Relator to the date of the call in 2017.

11

(Rev. 07/06)

1. Referenced on the HHS.gov website: The Final Rule: Case Closure Criteria 45 CFR Part 303 AT 99-04 (64 FR 11810; 1999)
2. Referenced on the SSA.gov website: Compilation of the Social Security Laws "State Plan for Child and Spousal Support"

iii. The Plaintiff / Relator was never served as the Defendant did not have an address which to serve him at; this "failure to locate" Plaintiff / Relator resulted in no service to the Plaintiff / Relator of any summons or notice of hearing.
   1. 45 CFR §303.11(b)(7)
iv. In fact, there was no hearing listed on the Register of Actions with or without the Plaintiff / Relator before this fraudulent and/or counterfeit money judgement was issued.

c. Right To Travel
   i. Plaintiff / Relator's Driver's License has been suspended twice due to this fraudulent debt/void Judgement
   ii. Plaintiff/ Relator's "PAID" application for a passport has been denied due to this fraudulent debt/void judgement which resulted in a money loss of $200 dollars
      1. *"The right to operate a motor vehicle [an automobile] upon the public streets and highways is not a mere privilege, it is a right of liberty, the enjoyment of which is protected by the guarantees of the federal and state constitutions."* See <u>Adams v City of Pocatello</u> 416 P.2d 46, 48; 91 Idaho 99 (1966)
      2. *"citizens have a right to drive upon the public streets of the District of Columbia or any other city absent a constitutionally sound reason for limiting their access.* <u>Caneisha Mills v. D.C.</u> 2009

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

2. Plaintiff / Relator claims the Defendant engaged in acts of Fraud
   a. The Money Judgement against Plaintiff / Relator is a Void and unenforceable judgement based on fraud because Plaintiff / Relator was never given due process of law and had no contract with the Office of Child Support Enforcement for which this Office would have the authority to act
   b. The Fraudulent Money Judgement appears to be based on an incomplete legal instrument
      i. Defendant failed to serve or prove service was accomplished upon the Plaintiff / Relator and there was no hearing wherein which the money judgement could have legally been rendered. This deprival of Plaintiff /

12

(Rev. 07/06)

  Relator's due process rights makes any and all judgements/orders in this matter null and void.
   1. United States of America Constitution 5th and 14th Amendment
 ii. The 2017 money judgement filed appears to be by Judge Dana Wakefield who retired in 2007, 10 years prior to this alleged judgement; yet this alleged fraudulent/counterfeit/void judgement was recently filed under Judge Wakefield's name, unsigned by him but maserquaded as if it signed by him.
 iii. *"When judges act when they do not have jurisdiction to act, or they enforce a void order... they become trespassers of the law, and are engaged in treason,"* <u>Yates v. Village Hoffman Estates</u>, Ill., 209 F. Supp. 757 (N.D. Ill. 1962) held that, *"not every action by a judge is in exercise of his judicial function... it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse." "all persons concerned in executing such judgements or sentences, are considered, in law, as trespassers."* <u>Elliot v. Piersol</u>, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828).
 iv. *"Engaging in an act of treason against the United States Constitution by any citizen of the United States is an act of war against the United States"* <u>Cooper v. Aaron</u>, 358 U.S. 1, 78 S. Ct. 1401 (1958).

c. Child support is voluntary and Plaintiff / Relator:
 i. Does not now and Did not ever have a contract with the Office of Child Support Enforcement, and as such he was never given a full explanation of any and all consequences for any missed payments as required by law
 ii. Plaintiff / Relator was Imputed income while unemployed, and attending 2 colleges when a child support obligation was originally rendered by the Court which is in violation of legal statute
  1. Colorado Revised Statute §14-10-115(5)(III)(C)
 iii. The Court in 1999 utilized a repealed statute/legal instrument, wage assignment, to assess child support. This statute was repealed in 1997.
  1. Colorado Revised Statutes §14-14-107
 iv. *"[The] court erred in apparently holding that individuals have an enforceable right to "substantial compliance" with Title IV-D in all respects. The statutory "substantial compliance" requirement, see, e.g., 42 U.S.C. § 609(a)(8) (1994 ed. Supp. II), does not give rise to individual rights; it was not intended to benefit individual children and custodial parents..."* <u>Blessing v. Freestone</u>, 520 US 329. Sup. Ct. (1997).
 v. *Consent must be voluntary by a preponderance of the evidence.* <u>Colorado v. Delage</u>, Colo. Supp. Ct. (2018).

13

(Rev. 07/06)

d. Plaintiff / Relator filed the proper legal pleading for a modification of child support via his attorney Gerald Melman, Esq. timely in regards to his inability to pay child support, among his other bills, due to physical disability.
   i. Judge Dana Wakefield stated that Child Support would be ruled upon at a later date, and the Plaintiff / Relator was denied access to the judiciary after this hearing so his Motion to Modify was never ruled upon and the previous Child Support Obligation is null and void, stale and moot
   ii. The motion to modify no longer exists as there has been evidence spoilage within the City and County of Denver judiciary/court
   iii. Colorado Revised Statute §14-10-115(5)(b)(I)
   iv. Colorado Revised Statute §14-10-115(5)(b)(II)
   v. 45 CFR §303.11(b)(8)
e. There has never been any contract between Plaintiff / Relator and child support enforcement through the date of this filing. Plaintiff / Relator has only had one conversation which was recorded after Family Support Registry blind transferred him to child support enforcement the following is a result of that recorded conversation:
   i. Agent Charlie at Child Support Enforcement confirmed "no locate" from their office to Plaintiff / Relator ever
      1. 45 CFR § 303.11(b)(7)
   ii. There was no way to get a judgement because there was no address for service
f. They never stopped adding the payment arears totaling over $90,000 USD after Plaintiff / Relator filed for modification and testified in court that he received $0 USD in income due to physical disability, and a garnishment was filed showing that $0 USD was coming to the Plaintiff / Relator in income
   i. Colorado Revised Statute §14-10-115(5)(b)(I)
   ii. Colorado Revised Statute §14-10-115(5)(b)(II)
   iii. 45 CFR §303.11(b)(8)
g. Motion to change Venue was filed by Plaintiff / Relator but Child Support Enforcement ignored the facts that the child was then residing with Plaintiff / Relator who was receiving $0 USD in child support from the other/ non-custodial parent
h. The case was originally filed in Denver because the child was residing with Plaintiff / Relator in Denver then and $0 USD in child support was paid to or credited back to him from the other party who was then the non-custodial parent
   i. School records from the time of the last volunteered Child Support payment show that the Plaintiff / Relator was the primary provider/custodian prior to the last payment paid to the other party

14

(Rev. 07/06)

      ii. It is against statute and rationale to be both primary provider / primary custodian without any assistance from the other/non-custodial parent **and** be expected to pay the non-custodial parent Child Support

      iii. 45 CFR §303.11(b)(5)

  i. No arears can be owed without any capacity to pay; there has never been a willful intent to not pay Child Support; all parties were fully made aware of Plaintiff / Relator's indigent statutes due to physical disability as it exists on the record

      i. Colorado Revised Statute §14-10-115(5)(b)(I)

      ii. Colorado Revised Statute §14-10-115(5)(b)(II)

      iii. 45 CFR §303.11(b)(8)

  j. Plaintiff / Relator timely disputed the fraudulent/counterfeit documents directly to Child Support Enforcement when he was notified of a lien / void judgement filed; to date there was no returned correspondence of any kind just theft of Plaintiff / Relator's property including property that was left by his deceased mother

      i. Plaintiff / Relator's Mother made a dying declaration, vocalizing her fears on her deathbed of this very thing happening after she deceased (ie.Child Support Enforcement taking things left to her son, the Plaintiff / Relator, by her)She requested that this very thing not be permitted; that Child Support Enforcement not take anything she left for him

          1. This Dying declaration/dying decree **must** be recognized by the law; it was witnessed by Plaintiff and other person(s)

### THIRD CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS

3. Theft
    a. Void judgement/fraudulent/counterfeit document was used to steal from Plaintiff /Relator's FDIC accounts
    b. Stolen property from Plaintiff / Relator's included his Mother's life insurance through Metlife left to him; this theft was over $8,000 USD
        i. Lien/void judgement was filed after the thefts took place
    c. Child Support Enforcement acted outside the law, stole money and lied in court filings
    d. No arears can be owed without any capacity to pay; there has never been a willful intent to not pay Child Support, all parties were fully made aware of Plaintiff/ Relator indigent statutes due to physical disability as it exists on the record
        i. Colorado Revised Statute §14-10-115(5)(b)(I)
        ii. Colorado Revised Statute §14-10-115(5)(b)(II)
        iii. 45 CFR §303.11(b)(8)

15

    e. Plaintiff / Relator timely disputed the fraudulent/counterfeit documents directly to Child Support Enforcement when he was notified of a lien / void judgement filed; to date there was no returned correspondence of any kind just theft of Plaintiff / Relator's property including property that was left by his deceased mother
        i. Plaintiff / Relator's Mother made a dying declaration, vocalizing her fears on her deathbed of this very thing happening after she deceased (ie.Child Support Enforcement taking things left to her son, Plaintiff / Relator, by her)She requested that this very thing not be permitted; that Child Support Enforcement not take anything she left for him
            1. This Dying declaration/dying decree **must** be recognized by the law; it was witnessed by Plaintiff and other person(s)
    f. They never stopped adding the payment arears totaling over $90,000 USD; Plaintiff filed for modification and testified in court that he received $0 USD in income due to physical disability, and a garnishment was filed showing that $0 USD was coming to Plaintiff in income
        i. This motion for modification was filed via Plaintiff's then attorney Gerald Melman, Esq. timely in regards to inability to pay child support due to physical disability
        ii. The motion no longer exists as there has been evidence spoilage within the City and County of Denver judiciary/COURT
        iii. Colorado Revised Statute §14-10-115(5)(b)(I)
        iv. Colorado Revised Statute §14-10-115(5)(b)(II)
        v. 45 CFR §303.11(b)(8)

## FOURTH CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

4. Stalking / Harassment
    a. The actions of the Child Support Enforcement Unit/ Title IV-D agency are harassment due to the no contact rule which establishes the case should have been closed without any contact to THE Plaintiff / Relator within 1 to 3 years and yet from the beginning of the case until after the case was closed in 2014 there was never any contact with Plaintiff / Relator by and through Child Support Enforcement
        i. Child Support Enforcement continues to come after and harass the Plaintiff / Relator without any prior contact, contract, or valid/legal judgement determined after due process of law to Plaintiff / Relator (including but not limited to service of a summons and a hearing before an impartial judiciary)
        ii. 45 CFR §303.11(b)(7)

16

   iii. United States of America Constitution 5th and 14th Amendment
 b. Child Support Enforcement has stalked the Plaintiff / Relator to his residence in Kansas without his consent or a prior contract established after due process of law

## CONCLUSION

The Plaintiff / Relator hereby respectfully requests this Court uphold the laws of the land, the United States Constitution, and standing legal precedent. Plaintiff requests that this Court not allow this Title IV-D Agency, or anyone, to act as an accessory after the fact by doing nothing to protect the Constitution and the rights it recognizes that are non-transferrable and non-voidable.

The Title IV-D Agency never met the burden of proof of a valid and legal judgement, debt, or order; they simply have had zero oversight, including no one ensuring that they follow the letter of the law. This Title IV-D Agency had zero fears of any repercussions or that anyone would ever stop them from continuing to break the law, violating Plaintiff / Relator's rights, and trespassing against the Constitution of the United States of America.

## JURY DEMAND

Plaintiff / Relator Demands a jury of his peers hear the totality of the evidence to decide this case.

**REQUEST FOR RELIEF**
Plaintiff / Relator requests the following relief:

1. Punitive damages for:
   a. Fraud
   b. Theft
   c. Void judgement signed by a non-judge
   d. Harassment
   e. Stalking
2. Monetary Damages including a return of every dollar either stolen or paid into that program due to:
   a. Fraud
   b. Theft
   c. Void judgement signed by a non-judge
   d. Demand arears be vacated and dismissed with prejudice, pursuant to 45 CFR §303.11(b)(3) as the case must be closed, all parties were made aware that the Plaintiff / Relator was/is physically disabled, and the child reached majority age in 2014.

"WITHOUT PREJUDICE"

Date: July 10th, 2018

_Jacob Richardson_
(Plaintiff / Relator's Original Signature)

4777 Sherman St
(Street Address)

Denver, CO 80216
(City, State, ZIP)

Do not alter in any way.

JS 44 (Rev. 12/11)   District of Colorado Form

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS / Relator Qui Tam
Jacob Richardson

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorneys (Firm Name, Address, and Telephone Number)

## DEFENDANTS
State of Colorado Title IV-D agency Child Support Enforcement

County of Residence of First Listed Defendant  1575 Sherman St, 80203
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | [X] 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 400 State Reapportionment |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | PROPERTY RIGHTS | 410 Antitrust |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 430 Banks and Banking |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 450 Commerce |
| 151 Medicare Act | 340 Marine |  | 840 Trademark | 460 Deportation |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | LABOR | SOCIAL SECURITY | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / PERSONAL PROPERTY / 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | 362 Personal Injury - Med. Malpractice / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 864 SSID Title XVI | 890 Other Statutory Actions |
| 196 Franchise |  |  | 865 RSI (405(g)) | 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 790 Other Labor Litigation | TAX SUITS | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights / Habeas Corpus: | 791 Empl. Ret. Inc Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  |  | 896 Arbitration |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence |  | 871 IRS - Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | IMMIGRATION |  |  |
| 245 Tort Product Liability | 445 Amer. w/Disabilities Employment / 535 Death Penalty Other: | 462 Naturalization Application |  | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities Other / 540 Mandamus & Other | 465 Other Immigration Actions |  |  |
|  | 448 Education / 550 Civil Rights |  |  |  |
|  | 555 Prison Condition |  |  |  |
|  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
31 U.S.C. Sec. 3729: False Claims

Brief description of cause:  [ ] AP Docket
State of Colorado Title IV-D agency Violated established law.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 90,004.65
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

DATE: July 10th, 2019
SIGNATURE OF ATTORNEY OF RECORD: Jacob Richardson Pro se

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____