IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:19-cv-01984-RM-NRN

JACOB RICHARDSON,

 Plaintiff,

v.

TITLE IV-D AGENCY, Colorado Division of Child Support Services, State Enforcement Unit for Denver City and County,

 Defendant.

---

**ORDER**

---

  This matter is before the Court on the January 16, 2020, recommendation of United States Magistrate Judge N. Reid Neureiter (ECF No. 43) to grant Defendant's motion to dismiss (ECF No. 20) and deny Plaintiff's motions to vacate and amend (ECF Nos. 37, 38). Plaintiff has filed an objection to the recommendation (ECF No. 44), and Defendant has filed a response to the objection (ECF No. 47). For the reasons below, the Court overrules Plaintiff's objection and accepts and adopts the recommendation in its entirety. The recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiff's other pending motions (ECF Nos. 45, 46, 48, 49), filed after the magistrate judge issued the recommendation, are denied as moot.

## I. LEGAL STANDARDS

Plaintiff proceeds pro se; thus, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## II. BACKGROUND

Plaintiff did not specifically object to any of the factual findings set forth in the recommendation. In summary, Plaintiff was ordered to pay child support in 1999. In May 2017, Defendant obtained proceeds from a life insurance policy for Plaintiff's mother by sending a notice of lien and levy to the insurance company. In November 2017, a support judgment was entered, indicating that Plaintiff remained $75,688.37 in arrears. Plaintiff has suffered collateral consequences from the 1999 support order and the 2017 support judgment, such as having his passport application denied, his driver's license suspended, and his credit rating lowered.

Plaintiff alleges, generally, that the 1999 support order and the 2017 support judgment are void and that Defendant's efforts to enforce them—by garnishing his bank accounts, wages, and proceeds from the life insurance policy—violated his constitutional rights and state law. In

his complaint, he asserts four claims of relief for (1) violations of his constitutional rights, (2) fraud, (3) theft, and (4) stalking and harassment. Defendant's motion to dismiss was referred to the magistrate judge. After the motion was fully briefed and a hearing was held, the magistrate judge determined that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.[1] Accordingly, the magistrate judge recommended granting the motion to dismiss and denying Plaintiff's motions to vacate and amend.

## III. ANALYSIS

### A. Motion to Dismiss

Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Here, a component of all Plaintiff's claims is that he denies a valid and enforceable support order or judgment was ever entered against him. The magistrate judge determined that granting Plaintiff any of the relief he seeks would require undoing the underlying order or judgment, and therefore the Court lacks subject matter jurisdiction over his claims. Although Plaintiff continues to argue that there is no valid judgment against him, he has not identified any injury that does not stem from either the 1999 support order or the 2017 support judgment. His contention that the order and judgment were obtained by fraud is also unavailing. *See Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006) ("It is true that new allegations of fraud

---

[1] Based on *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Colombia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

3

might create grounds for appeal, but that appeal should be brought in the state courts."). Nor has Plaintiff cited any authority for the proposition that there is subject matter jurisdiction under the circumstances of this case because he is seeking to bring his claims as a qui tam case. Therefore, the Court agrees with the magistrate judge's determination that his claims are barred by the *Rooker-Feldman* doctrine.

B.     **Motion to Vacate**

The magistrate judge determined that Plaintiff's motion to vacate should also be denied because the Court lacks subject matter jurisdiction. That is, under the *Rooker-Feldman* doctrine, the Court cannot vacate the underlying state court order or judgment. Plaintiff does not raise a specific objection to this part of the recommendation, and the Court agrees that the motion should be denied for the reasons stated above and in the recommendation.

C.     **Motion to Amend**

The magistrate judge also determined that Plaintiff's motion for leave to amend should be denied because the proposed amended complaint contains the same allegations as the original— Plaintiff merely seeks to add certain individuals as defendants. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotation omitted). Again, Plaintiff does not raise a specific objection to this part of the recommendation, and the Court agrees that the motion should be denied for the reasons stated above and in the recommendation.

D.     **Other Pending Motions**

Plaintiff has filed several new motions since the magistrate judge issued the recommendation. Now that the motion to dismiss is granted, those motions are moot.

## IV. CONCLUSION

Accordingly, the Court OVERRULES Plaintiff's objection (ECF No. 44), ACCEPTS and ADOPTS the recommendation (ECF No. 43), GRANTS Defendant's motion to dismiss (ECF No. 20), and DENIES Plaintiff's motions to vacate and to amend (ECF Nos. 37, 38). The Court DENIES AS MOOT Plaintiff's other pending motions (ECF Nos. 45, 46, 48, 49) and directs the Clerk to CLOSE this case.

DATED this 27th day of February, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge